UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

ERIC A ZAKARIN,

                Debtor.

Case No.: 18-14226

LIDDLE & ROBINSON, L.L.P

                Plaintiff,

-against-

ERIC A. ZAKARIN,

                Defendant.

## COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE

Plaintiff-Creditor Liddle & Robinson, L.L.P. complains and alleges as follows:

### JURISDICTION AND VENUE

1. On March 2, 2018, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

2. On March 3, 2018, the first meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code.

3. As of the date of this Complaint, no Plan of Reorganization has been submitted for Court review and confirmation.

4. This Complaint is timely as the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on June 5, 2018.

5.  This is an adversary proceeding in which the Plaintiff-Creditor is seeking a determination as to the non-dischargeability of the debt owed by the Debtor to the Plaintiff-Creditor under Bankruptcy Code §§ 523(a)(2)(A).

**PARTIES**

6.  Plaintiff-Creditor, Liddle & Robinson, L.L.P. ("L & R"), is a law firm located in New York, New York.

7.  Defendant-Debtor Eric A. Zakarin ("Zakarin") is an individual who resides in New Jersey.

8.  Plaintiff is a Creditor of the Debtor, Zakarin.

9.  Defendant is the Debtor in the above-captioned case.

10. L & R is former legal counsel to Defendant-Debtor.

**FACTS**

11. Zakarin retained L&R in May 2015 and L & R represented him him throughout a Financial Industry Regulatory Authority ("FINRA") arbitration between Wells Fargo and Zakarin, including for eight hearing days from July to October 2016.

12. On October 21, 2016, the FINRA arbitration panel issued an award.

13. On January 23, 2017, at Zakarin's direction, L&R filed a Complaint in New Jersey Superior Court initiating an action to vacate or modify the arbitration award.

14. On February 17, 2017, Wells Fargo removed the action to the District of New Jersey, D.N.J. Dkt. No. 17-cv-01088.

15. On March 15, 2017, L & R, based on irreconcilable differences, a breakdown in communication, and Zakarin's failure to pay outstanding invoices of fees and expenses (which the fee agreement between Zakarin and L & R specifically establishes as good cause to withdraw as

2

counsel), L&R moved for permission to withdraw as counsel for Zakarin. *See* D.N.J. Dkt. No. 17-cv-01088 Doc. 6.

16. On March 31, 2017, the District of New Jersey granted L & R's motion to withdraw as counsel for Zakarin. *See* D.N.J. Dkt. No. 17-cv-01088 Doc. 10.

17. With respect to the Wells Fargo matter, Zakarin owes $137,565.08 in expenses and fees (which were billed at 50% of L&R's standard hourly rates). Zakarin has had a balance with L&R since November 2015 and last made a payment to L&R on December 27, 2016.

18. In 2016 and 2017, Zakarin made repeated representations to L & R that he had access to financing to pay a potential settlement with Wells Fargo and L & R's outstanding attorneys' fees in full. This alleged financing was to come from a trust which was set up in California, in regards to which Zakarin represented that the necessary paperwork for him to receive funds was in progress but not completed.

19. Zakarin repeatedly delayed providing information regarding the status of the funds and the trust, and also declined to provide the name of an attorney he indicated was helping him with accessing the funds from the trust.

20. In 2017, L & R determined that there was no such trust and Zakarin had been deliberately misleading L & R regarding a possible source of financing, including a period of time during which L & R had continued to provide legal services to Zakarin.

21. Zakarin's Petition pursuant to Chapter 7 of the Bankruptcy Code acknowledges the debt of attorneys' fees to L & R. *See* Dkt No. 18-14226 Doc. No. 1, p. 20.

# FIRST CAUSE OF ACTION

(NON-DISCHARGEABILITY OF PLAINTIFF-CREDITOR'S ATTORNEYS' FEES UNDER SECTION 523(A)(2)(A) OF THE BANKRUPTCY CODE)

22. Plaintiff-Creditor repeats and realleges all the allegations contained above as if specifically set forth herein.

23. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that a debtor is not discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of creditor, to the extent obtained by…false pretense, a false representation, or actual fraud…"

24. The Debtor-Defendant made specific representations to Plaintiff-Creditor upon which it relied in continuing to provide legal services and not suing Debtor-Defendant for past attorneys' fees due, which statements were false and fraudulent.

25. The debt owed to Plaintiff-Creditor is non-dischargeable as it is debt for money, property, or services that was obtained by false pretenses, a false representation, or actual fraud within the meaning of the Bankruptcy Code.

WHEREFORE, Plaintiff-Creditor Liddle & Robinson, L.L.P respectfully requests that this Court enter a Judgment determining that the debt of attorneys' fees owed by Debtor Defendant in is non-dischargeable under Bankruptcy Code Sections 523(a)(2)(A), and granting Plaintiff-Creditor such other and further relief as this Court may deem just and proper

Dated: New York, New York
June 5, 2018

LIDDLE & ROBINSON, L.L.P.

By: /s/ Matthew McCann
Matthew McCann
800 Third Avenue
New York, New York 10022
(212) 687-8500



# Matthew McCann

| | |
|---|---|
| **From:** | Matthew McCann |
| **Sent:** | Tuesday, June 05, 2018 10:13 PM |
| **To:** | 'chambers_of_rg@njb.uscourts.gov'; 'cmecf_help_desk@njb.uscourts.gov' |
| **Subject:** | Adversary Complaint related to In re Eric A. Zakarin, Dkt. No. 18-14226-RG |
| **Attachments:** | Adversary Complaint 6 5 2018.pdf; Summons_and_Notice_of_Pretrial_Conference 06 05 18.pdf; Capture of Registration to File with NJ Bankruptcy Ct 6 5 18.JPG |

To the Chambers of Judge Rosemary Gambardella & the United States Bankruptcy Court, District of New Jersey Case Management/Electronic Case Filing (CM/ECF) Help Desk:

I am writing to submit an Adversary Complaint on behalf of Creditor-Plaintiff Liddle & Robinson, L.L.P. against Debtor-Defendant Eric A. Zakarin. Also attached is the required Summons and Notice of Pretrial Conference. Though I was able to successfully register to file in the New Jersey Bankruptcy Court this evening, as shown by the attached screen image, I was not subsequently able to log in to e-file these documents as the registration has yet to be processed. As today is the final day to submit such an adversary complaint per the terms of the "Official Form 309A (For Individuals or Joint Debtors) Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline," I wanted to make sure the Court received this. I will follow up with the CM/ECF Help Desk first thing tomorrow morning and also e-file and provide payment in connection with the filing of these documents as soon as my registration is processed.

Respectfully submitted,

Matthew C. McCann
Liddle & Robinson, L.L.P.
800 Third Avenue
New York, N.Y. 10022
T: (212) 687-8500 Ext. 240
www.liddlerobinson.com

The information contained in this email message, and any attachments, may be confidential and legally privileged, and is intended only for use by the individual(s) or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (212-687-8500), and destroy the original message.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In the matter of:
Eric A. Zakarin

                    Debtor

Liddle & Robinson, L.LP.

                    Plaintiff(s)

                    Case No.   18-14226

v.
Eric A. Zakarin

                    Adversary No. _____

                    Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk | Martin Luther King, Jr. Federal Building<br>50 Walnut Street<br>Newark, NJ 07102 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney | Matthew McCann<br>Liddle & Robinson, LLP<br>800 Third Avenue, New York, New York 10022 |
|---|---|

If you make a motion, your time to answer is governed by Fed.R.Bankr.P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | Courtroom: |
|---|---|
|  | Date and Time: |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                      James J. Waldron, Clerk

Date: _____      By: _____
                                                              Deputy Clerk

**MEDIATION OF ALL DISPUTES IS ENCOURAGED AND IS AVAILABLE PURSUANT TO D.N.J. LBR 9019-2. THE PRACTITIONER'S GUIDE TO THE MEDIATION PROCESS IS AVAILABLE IN THE BANKRUPTCY COURT CLERK'S OFFICE, IN EACH COURTROOM, AND ON THE COURT'S WEB SITE: www.njb.uscourts.gov. THE GUIDE CONTAINS AN OVERVIEW OF THE MEDIATION PROCESS, SAMPLE FORMS, THE REGISTER OF MEDIATORS AND APPLICABLE LOCAL RULES.**

*rev.12/1/09*