**LIDDLE & ROBINSON**
800 Third Avenue, 8th Floor
New York, New York 10022
Jeffrey L. Liddle
(212) 687-8500
*Pro Se*
Motion for *Pro Hac Vice* Admission Pending

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
Henry M. Karwowski
Joshua H. Raymond
(973) 243-8600
hkarwowski@trenklawfirm.com
Local Counsel for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Case No.: 18-14226 (RG) |
| ERIC A ZAKARIN, | Chapter 7 |
| Debtor. | |
| LIDDLE & ROBINSON, LLP, | Case No.: 18-01272 (RG) |
| Plaintiff, | Hearing Date: September 18, 2018 at 11:00 AM |
| v. | |
| ERIC A. ZAKARIN, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO EXTEND TIME TO FILE ADVERSARY COMPLAINT**

Creditor-Plaintiff Liddle & Robinson, LLP ("Liddle & Robinson") submits this Memorandum in support of its Motion to extend the time within which to file an Adversary Complaint against Debtor-Defendant Eric A. Zakarin ("the Debtor").

## STATEMENT OF FACTS

On March 2, 2018, the Debtor filed in this Court a Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code. Petition (Case No. 18-14226 ECF 1). In his Schedule F, the Debtor acknowledged his debt for attorney's fees in the amount of $135,000 owed to Liddle & Robinson. Id. at 20.

On March 3, 2018, this Court set June 5, 2018 as the deadline for filing a complaint objecting to discharge or nondischargeability of a debt. Notice of Chapter 7 Case (Case No. 18-14226 ECF 3 at 2). At that time, the Liddle & Robinson attorney assigned to the matter was the only attorney at the firm admitted to the New Jersey District Court and Bankruptcy Court. Certification of Matthew McCann ¶ 3. During the intervening time, however, the attorney left Liddle & Robinson. Id.

By the evening of June 5, 2018, Liddle & Robinson, representing itself *pro se*, was prepared to file its Adversary Complaint asserting the nondischargeability of the debt owed by the Debtor to Liddle & Robinson and the Summons and Notice of Preliminary Conference. Id. ¶ 4. Matthew McCann, Esq. ("McCann") was the newly assigned attorney to the matter. Id. Although he is not admitted to the New Jersey District Court or Bankruptcy Court, he was able to successfully register to file in the Bankruptcy Court on June 5, 2018. Id. Exh. 1. He was not able to subsequently log in to e-file the Complaint, however, because his registration had yet to be processed. Id. ¶ 4.

Because June 5, 2018 was the deadline to file an Adversary Complaint, McCann sought to ensure that the Court would receive the Complaint on that day. Id. ¶ 5. To that end, as he was

unable to electronically file the Adversary Complaint, he sent an email to the Judge's chambers at [chambers_of_rg@njb.uscourts.gov](mailto:chambers_of_rg@njb.uscourts.gov) and to the CM/ECF Help Desk at [cmecf_help_desk@njb.uscourts.gov](mailto:cmecf_help_desk@njb.uscourts.gov). Id. Exh. 1. His email attached the Summons and Notice of Pretrial Conference in an Adversary Proceeding, the screenshot of his registration status discussed *supra*, and the complete signed "Complaint for Determination of Dischargeability Pursuant to Section 523 of the Bankruptcy Code" dated June 5, 2018. Id.

In the morning of June 6, 2018, McCann followed up with the Court's CM/ECF Help Desk with the intent of resolving the registration delay and also e-filing and providing payment in connection with the filing of the Adversary Complaint and related documents. Id. ¶ 6. The individual at the CM/ECF Help Desk advised that the registration process would likely take another day and recommended that Liddle & Robinson send a courier to the Clerk's Office to file an original hard copy of the Adversary Complaint that day. Id.

Based on that advice and recommendation, McCann arranged on June 6, 2018 with Keating & Walker Attorney Service, Inc. ("Keating & Walker"), a legal support service which offers process serving, court research, and document filing/retrieval throughout the country, to file in hard copy the original Adversary Complaint, the appropriate Summons and Notice, and a cover letter explaining the details set forth above regarding the attempted e-filing on the night of June 5, 2018. Id. ¶ 7. Due to confusion and/or misunderstanding on his part, the courier sent by Keating & Walker did not believe that he was able to leave the papers for filing with the Clerk of the Court on June 6, 2018 and returned to his office without filing the Adversary Complaint. Id.

In the evening of June 6, 2018, McCann received from Ms. Sharon Purce of the Court an email confirming his registration for access to the Court's NextGen CM/ECF system. Id. Exh. 2.

Ms. Purce provided additional steps regarding CM/ECF registration; he then completed the steps Id. ¶ 8.

In the afternoon of June 7, 2018 at 12:36 PM, McCann received from Ms. Purce an additional email indicating that his CM/ECF status had been updated and that filing should be possible with an hour. Id. ¶ 9. When he was ultimately able to log on, however, there was no option to file an Adversary Complaint. Id. In a telephone conversation later that day, Ms. Purce explained that McCann's filing "user type" did not permit electronic filing of an Adversary Complaint and that filing would have to be made in hard copy at the Clerk's Office. Id.

Following his conversation with Ms. Purce, McCann again contacted Keating & Walker and arranged for filing of the Adversary Complaint, Summons and Notice, a Motion for an order extending the time within which to file the Adversary Complaint, and the filing fee. Id. ¶ 10. Keating & Walker returned to the Court on Friday June 8, 2018 and it was able to file the documents without issue. Id.; Compl. (ECF 1); Motion for Order Extending Time (ECF 3).

Prior to filing the Motion for an extension of time, McCann contacted the Debtor's counsel but he did not hear back one way or another as to whether counsel consented to the extension. Id. ¶ 11.

On July 2, 2018, the Debtor filed opposition to Liddle & Robinson's Motion to extend the time to file an adversary complaint. Brief in Opposition to Motion to Extend Time (ECF 4).

On July 13, 2018, this Court conducted by teleconference a hearing at which this Court directed Liddle & Robinson to retain local counsel and the parties to submit supplemental briefing regarding the request for additional time to file the Adversary Complaint.

Thereafter, Liddle & Robinson retained local counsel. Notices of Appearance (ECF 5-6).

# LEGAL ARGUMENT

## THE FILING DEADLINE UNDER RULE 4007 IS NOT JURISDICTIONAL, AND THUS, LIDDLE & ROBINSON'S COMPLAINT SHOULD BE DEEMED TIMELY FILED.

Under Bankruptcy Rule 4007(c), a complaint to determine the dischargeability of a debt under Bankruptcy Code section 523(a)(2)(A) must be filed no later than 60 days set for the meeting of creditors under section 341(a). Fed. R. Bankr. P. 4007(c).

Circuit and other appellate courts have routinely held that the time limit in Rule 4007(c) is *not* jurisdictional, and thus, that the limit is subject to tolling for equitable reasons. See, e.g., European Am. Bank v. Benedict (In re Bendict), 90 F.3d 50, 54 (2d Cir. 1996) (noting that "there is [no] controlling policy goal that would be served by holding that Rule 4007(c) is jurisdictional" and holding that "a bankruptcy court may extend the time for a creditor to file a complaint to determine dischargeability after the Rule 4007(c) time period has expired, if equity so requires"); Schunck v. Santos (In re Santos), 112 B.R. 1001, 1005-06 (B.A.P. 9th Cir. 1990) (determining "that the deadlines for filing dischargeability complaints and objections to discharge set forth in Rules 4007(c) and 4004(a) are not jurisdictional time limits" on grounds that "[n]either the text nor the legislative history of these provisions conferring jurisdiction over dischargeability matters purport to limit jurisdiction to those cases where the complaint is timely filed" and that while "[t]he purposes of Rules 4004 and 4007(c) are to further the prompt administration of bankruptcy estates," "these purposes are not served by the total preclusion of equitable relief which would be required upon a determination that the time limits are jurisdictional"). See also Schwartz v. Weinberg (In re Weinberg), 2006 WL 2673252, at *5-6 (3d Cir. Sept. 19, 2006) (noting that "[the Third Circuit] has never held that those rules [4004 and 4007] are 'jurisdictional' or otherwise immune from tolling based on equitable principles").

Similarly, in Kontrick v Ryan, the Supreme Court held that Bankruptcy Rule 4004, the analogous Rule addressing the deadline for objecting to a discharge, is also not jurisdictional. 540 U.S. 443, 447, 460 (2004). The Supreme Court noted in a footnote that "[u]nder Bankruptcy Rule 4007(c), essentially the same time prescriptions apply to complaints targeting the discharge of a particular debt pursuant to 11 U.S.C. § 523(c)," which are the subject of Rule 4004. Id. at 448 n.3. The Supreme Court noted further that "because of the practical identity of the time prescriptions for objections to the discharge of any debts under § 727(a) and for objections to the discharge of particular debts under § 523(c), courts have considered decisions construing Rule 4007(c) in determining whether the time limits delineated in Rules 4004(a) and (b) may be forfeited." Id.

Applying these principles, the New Jersey District Court, in Saddle River Valley Bank v Garsia, addressed the issue before this Court: how to treat an untimely-filed nondischargeability complaint. 2010 WL 4929268 (D.N.J. Nov. 30, 2010). In that case, the appellant sought review of a bankruptcy court decision dismissing the appellant's nondischargeability complaint as time-barred. Id. at *1. The district court reversed the bankruptcy court's decision and ruled that appellant's complaint would be deemed timely and properly filed. Id.

In Saddle River, the first creditors' meeting was scheduled for June 18, 2009, and thus, under Rule 4007(c), the deadline for filing a nondischargeability complaint was 60 days thereafter, or August 18, 2009. Id. On August 17, 2009, one day before the deadline, appellant finalized its complaint and engaged New Jersey Lawyers Service (NJLS) to hand deliver the document to the bankruptcy court that same afternoon. Id. NJLS misfiled the complaint, however; it delivered it to the Essex County Courthouse several blocks away instead. Id. The Essex County Clerk's Office noticed the misfiling and forwarded the complaint to the bankruptcy court, where it was received and filed on August 21, 2009, three days after the deadline. Id.

The appellant sought permission from the appellee to have the complaint deemed timely filed with the bankruptcy court *nunc pro tunc*, but the appellee refused. Id. Thereafter, the bankruptcy court issued an opinion and order granting appellee's motion to dismiss the adversary complaint and denying appellant's cross-motion to have the complaint deemed timely *nunc pro tunc*. Id.

In its appeal, the appellant argued that it was entitled to relief because it had taken steps that ordinarily would be sufficient to result in proper filing absent extraordinary circumstances. Id. at *5. The appellant noted that if the relief sought was not granted, it would lose the opportunity to contest the dischargeability of the debt owed, resulting in an extreme hardship. Id. Also, the appellant noted that the filing delay did not result from its own misconduct. Id.

In reversing the bankruptcy court's decision, the district court noted the circuit court authority holding that ordinary defenses such as equitable tolling can apply to enlarge the 60 day deadline under Rules 4007 and 4004. Id. (citing Benedict, 90 F.3d 50; Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 248 (4th Cir.1994)).

The district court observed, next, that Kontrick, addressed *supra*, definitively resolved any uncertainty on the issue when it held that "FRBP 4007(c) was not jurisdictional, because only Congress has the authority to extend or withdraw the grant of jurisdiction to a federal court, and the Bankruptcy Rules, like the Federal Rules of Civil Procedure, are promulgated by the courts." Id. at *6 (citing Kontrick, 540 U.S. at 452–53). In a footnote, the district court noted that "[i]n actuality, Kontrick arose in the context of FRBP 4004, not 4007. However, a footnote in the case itself states that the two rules are analogous and the analysis applies equally to FRBP 4007." Id. at *6 n.4 (citing Kontrick, 540 U.S. at 448 n.3). The district court further observed that while "[t]he Supreme Court specifically declined to consider the issue of equitable tolling because it was

7

not necessary in the context of Kontrick," the courts "that considered the issue pre-Kontrick and concluded that FRBP 4007 was not jurisdictional uniformly have held that equitable tolling is available, provided the appropriate circumstances exist." Id. at *6.

Next, the district court cited In re Begue, a similar case; it found:

> In that case, it was undisputed that a creditor seeking to contest the dischargeability of a debt had placed a § 523(c) complaint in the regular mail eight days before the filing deadline, but for unknown reasons it took nine days for the complaint to reach the Bankruptcy Court, where it was filed one day after the 60 day deadline. The bankruptcy judge concluded that because the creditor had exercised due diligence in taking steps that would ordinarily ensure timely filing, there was no evidence of neglect on his part at all.

Id. (citing 176 B.R. 801 (N.D. Ohio 1995)).

The district court found in that the case before it, as in Begue, it appeared "to be equally true that Appellant exercised due diligence by taking sufficient steps and precautions that ordinarily would result in timely filing." Id. There was no evidence that appellant was neglectful, and there were extraordinary circumstances outside of its control that prevented it from timely filing the complaint. Id. As a result, the court found it appropriate to deem the filing deadline equitably tolled from August 17, 2009 until the complaint was received and filed with bankruptcy court on August 21, 2009. Id.

Other courts in this District have granted the same relief in similar cases. See, e.g., DeMaria v. Peters, 2014 WL 2011801, at *2-3 (Bankr. D.N.J. May 16, 2014) (holding that plaintiff was not time-barred from seeking determination of nondischargeability as to pre-petition debts, on basis that although plaintiff did not file adversary complaint until after bar date, creditor did file, before bar date, motion seeking to hold debts nondischargeable, and court was inclined to allow adversary proceeding to relate back to filing of timely motion on equitable principles, where

motion was sufficiently specific to place defendant on notice of claims, and thus relation back would not prejudice defendant, and plaintiff adequately explained delay).

Likewise, here, the Adversary Complaint, filed only three days after the deadline, should be deemed timely filed as well. Like the plaintiff-creditors in Begue and Saddle River, Liddle & Robinson, in this instance a *pro se* party, exercised due diligence that would normally ensure timely filing. Specifically, as set forth in detail in his Certification, McCann followed the instructions required for registering for CM/ECF to allow him to file the Adversary Complaint. As Liddle & Robinson was filing on behalf of itself, as opposed to a client, it did not have reason at the time to believe that it needed to retain local counsel or that any failure to do so would delay the filing process; indeed, a non-attorney *pro se* party in those circumstances would have no such obligation.

Upon realizing that it would not be able to electronically file the Adversary Complaint on the day of the deadline, McCann took the step of transmitting the Adversary Complaint both to the Judge's Chambers and the CM/ECF office via email on that date. When Liddle & Robinson was instructed the following day to file a hard copy of the Complaint, it retained Keating & Walker, a reputable process server and courier service. For reasons which are not clear, the courier was unable to file the Complaint. At any rate, McCann stayed in daily contact with the Clerk's office, the CM/ECF help desk, and the Judge's Chambers between June 6, 2018 and June 8, 2018 and followed all instructions to obtain the ability to file documents electronically. When McCann was told on June 7, 2018 for the first time that he would not be able to file electronically, he again arranged for the hard copy filing of the Adversary Complaint. At no point did he forget or neglect the deadline or neglect to follow any instructions provided by the different offices of this Court.

In addition to the due diligence exercised, which has been detailed *supra* and in the Certification and exhibits thereto, additional equitable considerations require relief. For instance, if the Motion is not granted, Liddle & Robinson will lose the opportunity to contest the dischargeability of the nearly $150,000 debt of attorneys' fees owed by the Debtor, which would amount to a significant hardship. Additionally, no "misconduct" contributed to the late filing of the Complaint.

## CONCLUSION

Accordingly, Liddle & Robinson respectfully requests that this Court deem its Adversary Complaint timely filed.

**LIDDLE & ROBINSON, LLP**
*Pro Se*

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
Local Counsel for Plaintiff

By: /s/ *Henry M. Karwowski*
    HENRY M. KARWOWSKI

Dated: August 17, 2018

4821-9052-1456, v. 1