**LIDDLE & ROBINSON**
800 Third Avenue, 8th Floor
New York, New York 10022
Jeffrey L. Liddle
(212) 687-8500
*Pro Se*
Motion for *Pro Hac Vice* Admission Pending

**TRENK, DiPASQUALE,**
**DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(973) 243-8600
Henry M. Karwowski
Joshua H. Raymond
(973) 243-8600
hkarwowski@trenklawfirm.com
Local Counsel for Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ERIC A ZAKARIN,<br><br>　　　　　　Debtor. | Case No.: 18-14226 (RG)<br><br>Chapter 7 |
| LIDDLE & ROBINSON, LLP,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>ERIC A. ZAKARIN,<br><br>　　　　　　Defendant. | Case No.: 18-01272 (RG)<br><br>Hearing Date: September 18, 2018<br>　　　　　　　　at 11:00 AM |

**CERTIFICATION OF MATTHEW McCANN IN SUPPORT OF PLAINTIFF'S**
**MOTION TO EXTEND TIME TO FILE ADVERSARY COMPLAINT**

I, Matthew McCann, hereby certify under penalty of perjury that:

1. I am an attorney at the law firm of Creditor-Plaintiff Liddle & Robinson, L.L.P. ("Liddle & Robinson") in the above-captioned adversary proceeding.

2. I submit this Certification in support of Liddle & Robinson's Motion for an extension of time to file its Adversary Complaint and accompanying Summons and Notice of Preliminary Conference in this proceeding.

3. On March 3, 2018, this Court set June 5, 2018 as the deadline for filing a complaint objecting to discharge or nondischargeability of a debt. Notice of Chapter 7 Case (Case No. 18-14226 ECF 3 at 2). At that time, the Liddle & Robinson attorney assigned to the matter was the only attorney at the firm admitted to the New Jersey District Court and Bankruptcy Court. During the intervening time, however, the attorney left Liddle & Robinson.

4. By the evening of June 5, 2018, Liddle & Robinson, representing itself *pro se*, was prepared to file its Adversary Complaint asserting nondischargeability of the debt owed by the Debtor to Liddle & Robinson and the Summons and Notice of Preliminary Conference. I was the newly assigned attorney to the matter. Although I am not admitted to the New Jersey District Court or Bankruptcy Court, I was able to successfully register to file in the Bankruptcy Court on June 5, 2018. Attached hereto as Exhibit 1 is a true and correct copy of a June 5, 2018 10:13 PM email to the Court with attachments including a screen shot indicating that my registration was in process as of that time but that it had not been completed. I was not able to subsequently log in to e-file the Complaint, however, because my registration had yet to be processed.

5. Because June 5, 2018 was the deadline to file an Adversary Complaint, I sought to ensure that the Court would receive the Complaint on that day. To that end, as I was unable to electronically file the Adversary Complaint, I sent an email to the Judge's chambers at

chambers_of_rg@njb.uscourts.gov and to the CM/ECF Help Desk at cmecf_help_desk@njb.uscourts.gov. Exh. 1. My email attached the Summons and Notice of Pretrial Conference in an Adversary Proceeding, the screenshot of my registration status discussed *supra* in Paragraph 4, and the complete signed "Complaint for Determination of Dischargeability Pursuant to Section 523 of the Bankruptcy Code" dated June 5, 2018. Id.

6. In the morning of June 6, 2018, I followed up with the Court's CM/ECF Help Desk with the intent of resolving the registration delay and also e-filing and providing payment in connection with the filing of the Adversary Complaint and related documents. The individual at the CM/ECF Help Desk advised that the registration process would likely take another day and recommended that Liddle & Robinson send a courier to the Clerk's Office to file an original hard copy of the Adversary Complaint that day.

7. Based on that advice and recommendation, I arranged on June 6, 2018 with Keating & Walker Attorney Service, Inc. ("Keating & Walker"), a legal support service which offers process serving, court research, and document filing/retrieval throughout the country, to file in hard copy the original Adversary Complaint, the appropriate Summons and Notice, and a cover letter explaining the details set forth above regarding the attempted e-filing on the night of June 5, 2018. Due to confusion and/or misunderstanding on his part, the courier sent by Keating & Walker did not believe that he was able to leave the papers for filing with the Clerk of the Court on June 6, 2018 and returned to his office without filing the Adversary Complaint.

8. In the evening of June 6, 2018, I received from Ms. Sharon Purce of the Court an email confirming my registration for access to the Court's NextGen CM/ECF system. Attached hereto as Exhibit 2 is a true and correct copy of an email chain between myself and Ms. Purce; the chain starts with the email from Ms. Purce on June 6, 2018 at 5:12 PM and ends with an email

from Ms. Purce on June 7, 2018 at 12:36 PM. Ms. Purce provided additional steps regarding CM/ECF registration; I then completed the steps and emailed Ms. Purce on Wednesday June 6, 2018 at 5:25 PM and 5:51 PM and on June 7, 2018 at 10:54 AM. Id.

9. In the afternoon of June 7, 2018 at 12:36 PM, I received from Ms. Purce an additional email indicating that my CM/ECF status had been updated and that filing should be possible with an hour. Id. When I was ultimately able to log on, however, there was no option to file an Adversary Complaint. In a telephone conversation later that day, Ms. Purce explained that my filing "user type" did not permit electronic filing of an Adversary Complaint and that filing would have to be made in hard copy at the Clerk's Office.

10. Following my conversation with Ms. Purce, I again contacted Keating & Walker and arranged for filing of the Adversary Complaint, Summons and Notice, a Motion for an order extending the time within which to file the Adversary Complaint, and the filing fee. Keating & Walker returned to the Court on Friday June 8, 2018 and it was able to file the documents without issue. Compl. (ECF 1); Motion for Order Extending Time (ECF 3).

11. Prior to filing the Motion for an extension of time, I contacted the Debtor's counsel but I did not hear back one way or another as to whether counsel consented to the extension.

I hereby certify that the foregoing statements made by me are true and correct. I understand that if any of the foregoing statements are willfully false, I am subject to punishment.

`
/s/ Matthew C. McCann
Matthew C. McCann

August 17, 2018

4825-4336-7280, v. 1